# EXHIBIT 7

To the Verified Complaint dated September 2, 2022

**Mark Pincus**

---

**From:** Heineman, Steven <Steven.Heineman@svbsecurities.com>
**Sent:** Friday, August 19, 2022 12:48 PM
**To:** Peter Fruin
**Cc:** Jonathan.santelli@raymondjames.com
**Subject:** Mike Drendel

Dear Peter,

I have received by FedEx your letter dated August 15 and Mr. Drendel's check for $79,747.12 in which he seeks to repay the salary that he received during his three-month notice period. We will not be cashing the check. Your continuing effort to assert that Mr. Drendel had no notice period and that his employment terminated when he gave notice on May 16 is a transparent effort to avoid the non-compete, which is keyed off his termination date (August 16) and therefore runs through November 16. Your arguments have no merit as a matter of contract law, the 13th Amendment to the U.S. Constitution or otherwise. I have addressed in writing previously the fatal flaw in your contract argument and will not repeat that here. The notion that the 13th Amendment somehow invalidates an enforceable notice period is frivolous on numerous grounds, not the least of which are that Mr. Drendel was not forced to work at all (he was "on the beach"), and he was paid his full base salary, throughout his notice period. It is noteworthy that despite the number of letters you have written and our several telephone conversations, you have never provided any case law or other support for your baseless positions.

Let there be no mistake: if Mr. Drendel seeks to start work at Raymond James prior to the expiration of his valid non-compete, will take all necessary and appropriate steps to enforce it.

Regards,
Steven

cc: Jonathan Santelli, Esq. (Raymond James)

Steven P. Heineman
General Counsel

steven.heineman@svbsecurities.com
P / 212.404.4585
M / 332.245.3146
F / 617.918.4980

svb Securities
*Please note my email has changed to steven.heineman@svbsecurities.com